UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>   Plaintiff, )<br>         )<br>   v.     )<br>          )<br>CHARLES JOHNSON,   )<br>   Defendant. ) | Criminal No. 05-10230-WGY |

**UNITED STATES' MOTION FOR ISSUANCE
OF A PRELIMINARY ORDER OF FORFEITURE**

  The United States of America, by its attorney, Michael J. Sullivan, United States Attorney for the District of Massachusetts, respectfully moves this Court for the issuance of a Preliminary Order of Forfeiture in the above-captioned case pursuant to Title 21, United States Code, Section 853.  A proposed Preliminary Order of Forfeiture is submitted herewith.  In support thereof, the United States sets forth the following:

  1. On or about August 24, 2005, the United States filed a two count Information charging Defendant Charles Johnson ("Johnson" or the "Defendant"), with the following violations: Unlawful Possession of a Firearm and Ammunition by a Felon, in violation of 18 U.S.C. § 922(g)(1) (Count One); and Possession of a Controlled Substance with Intent to Distribute, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) (Count Two).

  2. The Information also sought the forfeiture of:  any and all property constituting, or derived from, any proceeds the Defendant obtained, directly or indirectly, as a result of the offenses alleged in Counts One and Two of the Information, and

any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offenses, pursuant to 21 U.S.C. § 853.  Such property included, but was not limited to, the following:

- Highpoint CF380 .380 caliber pistol;
- Magazine loaded with seven rounds of PMC ammunition;
- 3 additional rounds of PMC .380 ammunition in factory box;
- 11.82 grams of crack cocaine;
- 27.3 grams of marijuana;
- Various plastic bags in various sizes;
- Six $100 bills;
- Black digital scale; and
- 100-gram weight,

(collectively, the "Seized Properties").

4.   On February 10, 2006, Johnson pled guilty to Counts One and Two of the Information, pursuant to a plea agreement he signed on August 15, 2005.  In Section Eight of the plea agreement, Johnson agreed to waive and release any and all claims he may have to any vehicles, currency, or other personal property seized by the United States, or seized by any state or local law enforcement agency and turned over to the United States, during the investigation and prosecution of this criminal case, and consented to the forfeiture of such assets.  Johnson waived and released his claims to all of the Seized Assets that were named in the Information that are subject to forfeiture pursuant to 21 U.S.C. § 853, as a result of his guilty plea.

5.   By virtue of Johnson's guilty plea, the United States has established the requisite nexus between the Seized Properties

and the offenses to which Johnson has pleaded guilty. Accordingly, the Seized Properties are subject to forfeiture to the United States pursuant to 21 U.S.C. § 853.

6. In the meantime, the following Seized Properties, which are considered contraband, have been disposed of by the United States Bureau of Alcohol, Tobacco, and Firearms, and are no longer available for forfeiture:

- Highpoint CF380 .380 caliber pistol;
- Magazine loaded with seven rounds of PMC ammunition;
- 3 additional rounds of PMC .380 ammunition in factory box;
- 11.82 grams of crack cocaine;
- 27.3 grams of marijuana;
- Various plastic bags in various sizes;
- Black digital scale; and
- 100-gram weight.

7. Therefore the only assets left for forfeiture in the context of this criminal case are the six $100 bills named in the Information (the "Currency").

8. As a result of Johnson's guilty plea, and pursuant to 21 U.S.C. § 853(a) and Rule 32.2 of the Federal Rules of Criminal Procedure, the United States is now entitled to a Preliminary Order of Forfeiture against the Currency, or substitute assets, in a value up to the value of the Currency.  See Rule 32.2(b)(2); 21 U.S.C. § 853(p); United States v. Candelaria-Silva, 166 F.3d 19, 41 (1st Cir. 1999).

9. Upon the issuance of a Preliminary Order of Forfeiture and pursuant to 21 U.S.C. § 853(n), the United States Bureau of

Alcohol, Tobacco, and Firearms will publish, at least once for three successive weeks in a newspaper of general circulation, notice of this Order, notice of the United States' intent to dispose of the Currency in such manner as the Attorney General or his designee may direct, and notice that any person, other than the Defendant, having or claiming a legal interest in the Currency must file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.  This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Currency, shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited Currency and any additional facts supporting the petitioner's claim and the relief sought.  The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the Currency that is the subject of the Preliminary Order of Forfeiture, as a substitute for published notice as to those persons so notified.

WHEREFORE, the United States requests that this Court:

(a) enter the Preliminary Order of Forfeiture in the form submitted herewith;

(b) include the forfeiture, as set forth in the Preliminary Order of Forfeiture, in the oral pronouncement of the Defendant's sentence; and

(c) incorporate the Preliminary Order of Forfeiture in the criminal judgment entered against the Defendant, pursuant to Federal Rule of Criminal Procedure 32.2(b)(3).

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney,

/s/ Kristina E. Barclay
S. WAQAR HASIB
KRISTINA E. BARCLAY
Assistant U.S. Attorneys
United States Courthouse
Suite 9200
1 Courthouse Way
Boston, MA 02210
(617) 748-3100

Date: April 4, 2006

**CERTIFICATE OF SERVICE**

This is to certify that the foregoing United States' Motion for Issuance of a Preliminary Order of Forfeiture, as well as the proposed Preliminary Order of Forfeiture, filed through the Electronic Case Filing system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

/s/ Kristina E. Barclay
Kristina E. Barclay
Assistant U.S. Attorney

Dated: April 4, 2006

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
UNITED STATES OF AMERICA,      )
            Plaintiff,         )
                               )
      v.                       )    Criminal No. 05-10230-WGY
                               )
CHARLES JOHNSON,               )
            Defendant.         )
```

**<u>PRELIMINARY ORDER OF FORFEITURE</u>**

**YOUNG, D.J.,**

WHEREAS, on or about August 24, 2005, the United States filed a two count Information charging Defendant Charles Johnson ("Johnson" or the "Defendant"), with the following violations: Unlawful Possession of a Firearm and Ammunition by a Felon, in violation of 18 U.S.C. § 922(g)(1) (Count One); and Possession of a Controlled Substance with Intent to Distribute, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) (Count Two);

WHEREAS, the Information also sought forfeiture of:  any and all property constituting, or derived from, any proceeds the Defendant obtained, directly or indirectly, as a result of the offenses alleged in Counts One and Two of the Information, and any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offenses, pursuant to 21 U.S.C. § 853.  Such property included, but was not limited to, the following including, but not limited to, the following:

- Highpoint CF380 .380 caliber pistol;
- Magazine loaded with seven rounds of PMC ammunition;

- 3 additional rounds of PMC .380 ammunition in factory box;
- 11.82 grams of crack cocaine;
- 27.3 grams of marijuana;
- Various plastic bags in various sizes;
- Six $100 bills;
- Black digital scale; and
- 100-gram weight,

(collectively, the "Seized Properties");

WHEREAS, on or about February 10, 2006, Johnson pled guilty to Counts One and Two of the Information, pursuant to a plea agreement he signed on August 15, 2005;

WHEREAS, in Section Eight of the plea agreement, Johnson agreed to waive and release any and all claims he may have to any vehicles, currency, or other personal property seized by the United States, or seized by any state or local law enforcement agency and turned over to the United States, during the investigation and prosecution of this criminal case, and consented to the forfeiture of such assets;

WHEREAS, Johnson waived and released his claims to all of the Seized Assets that were named in the Information that are subject to forfeiture pursuant to 21 U.S.C. § 853, as a result of his guilty plea;

WHEREAS, by virtue of Johnson's guilty plea, the United States has established the requisite nexus between the Seized Properties and the offenses to which Johnson has pleaded guilty, and therefore, the Seized Properties are subject to forfeiture to the United States pursuant to 21 U.S.C. § 853;

WHEREAS, in the meantime, the following Seized Properties, which are considered contraband, have been disposed of by the United States Bureau of Alcohol, Tobacco, and Firearms, and are no longer available for forfeiture:

- Highpoint CF380 .380 caliber pistol;
- Magazine loaded with seven rounds of PMC ammunition;
- 3 additional rounds of PMC .380 ammunition in factory box;
- 11.82 grams of crack cocaine;
- 27.3 grams of marijuana;
- Various plastic bags in various sizes;
- Black digital scale; and
- 100-gram weight;

WHEREAS, the only assets left for forfeiture in the context of this criminal case are the six $100 bills named in the Information (the "Currency"); and

WHEREAS, as a result of Johnson's guilty plea, and pursuant to 21 U.S.C. § 853(a), and Rule 32.2 of the Federal Rules of Criminal Procedure, the United States now is entitled to a Preliminary Order of Forfeiture against the Currency, or substitute assets, in a value up to the value of the Currency.

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED that:

1.   The Court finds, pursuant to Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure, and based upon the facts set forth by the government in support of the Defendant's guilty plea and the admissions contained in the plea agreement, that the government has established the requisite nexus between the

Currency and the offenses to which the Defendant pleaded guilty. Accordingly, all of the Defendant's interests in the forfeited Currency are hereby forfeited to the United States of America for disposition pursuant to 21 U.S.C. § 853(a).

    2.   The United States Bureau of Alcohol, Tobacco, and Firearms shall hold the Currency in its secure custody and control.

    3.   Pursuant to 21 U.S.C. § 853, the United States Bureau of Alcohol, Tobacco, and Firearms shall take all other appropriate steps pursuant to the applicable provisions of 21 U.S.C. § 853 to seize, forfeit, and dispose of the Currency, giving notice as required by law.

    4.   Pursuant to 21 U.S.C. § 853(n)(1), the United States shall publish, at least once for three successive weeks in a newspaper of general circulation in the District of Massachusetts, notice of this Order and of the United States' intent to dispose of the Currency in such manner as the Attorney General may direct.

    5.   Pursuant to 21 U.S.C. § 853(n), the Government may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the Currency that is the subject of this Order of Forfeiture as a substitute for published notice as to those persons so notified.

6. Pursuant to 21 U.S.C. § 853(n)(2) and (3), the notice referred to above shall state: (a) that any person, other than the Defendant, asserting a legal interest in the Currency, shall within thirty (30) days of the final publication of the notice or that person's receipt of direct written notice, whichever is earlier, file a petition with the United States District Court in Boston, Massachusetts, requesting a hearing to adjudicate the validity of his or her interest in the Currency; and (b) that the petition shall be signed by the petitioner under the penalty of perjury and shall set forth the nature and extent of the petitioner's right, title or interest in the Currency, the time and circumstances of the petitioner's acquisition of the right, title or interest in the Currency, any additional facts supporting the petitioner's claim, and the relief sought.

7. Pursuant to 21 U.S.C. § 853(n)(7), following the Court's disposition of all petitions filed under this subsection, or if no such petitions are filed following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of such petitions, the United States of America shall have clear title to the Currency.

8. Upon adjudication of all third party interests, this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. § 853(n) and Rule 32.2 of the Federal Rules of Criminal Procedure, in which all interests will be addressed.

9.   In addition, and pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture will become final as to the Defendant at the time of his sentencing, will be part of the Defendant's criminal sentence, and will be included in the criminal judgment entered by this Court against him.

 

_____
WILLIAM G. YOUNG
United States District Judge

Dated: _____