UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

United States of America

vs.  Case No. 05-10230-WGY

Charles Johnson

### DEFENDANT'S SENTENCING MEMORANDUM

Defendant, Charles Johnson, respectfully moves that this Court impose a sentence at the bottom of the agreed guideline range. As grounds therefore, defendant states that his personal history and the circumstances of this offense warrant a low-end sentence of seventy months.

### STATEMENT OF FACTS

Charles Johnson is a thirty-one year old man who was raised in Boston, Massachusetts by his mother, under poor economic conditions. He and his brother, after experiencing a volatile family atmosphere, were abandoned by their father in their early teens. At some point shortly thereafter, his mother became involved with a man named Willie Boylen. Mr. Boylen shot Mr. Johnson's mother in the neck and then turned the gun on himself. At the age of fourteen, Charles Johnson emerged from his room to find his mother shot and Willie Boylen dead. The trauma of Mr. Johnson's teens was to continue, as he was set upon and stabbed, resulting in a three-week hospitalization and permanent scars.

At the age of twelve, Mr. Johnson began using alcohol. His consumption of alcohol, which remained a constant problem, was eventually supplemented by marijuana and crack cocaine. At the time of his arrest, Mr. Johnson was a poly-substance abuser, using alcohol, marijuana and crack cocaine. Substance abuse has plagued him in his youth and on into adulthood. Mr. Johnson, who desired drug

1

treatment when arrested, has informed probation of his interest in the Bureau of Prison's Five Hundred Hour Drug Treatment Program.

The early introduction of substances into Mr. Johnson's life and the traumatic events listed previously led to difficulties in school. As a result he had a spotty record of achievement and eventually left school prior to graduation. He did seek and receive his GED while incarcerated.

## ARGUMENT

I. **THE COURT SHOULD IMPOSE A SENTENCE AT THE LOW END OF THE GUIDELINE RANGE**

A sentencing court is no longer required to impose a sentence within the sentencing guidelines. However, in this matter, the parties reached agreement on a sentencing range within the guidelines. The defendant, respecting his plea agreement, does not seek to have this Court enter a sentence under the guideline range.

As the plea agreement allows, the defendant does request a sentence of seventy months. The facts and circumstances of this case provide solid reasons for the Court to impose such a sentence. While it is true that Mr. Johnson possessed a gun, there was absolutely no evidence that it ever left his home or was for anything other than his family's protection. Mr. Johnson was a victim of violence and, unfortunately, felt that a weapon was a necessary part of home protection in his less than idyllic neighborhood. Lastly, Mr. Johnson stored the gun appropriately, as it was locked away and hidden under the bed far out of range of his wife's teenage son.

Prior to his arrest and after the informant's tip, the police kept a watchful eye on Mr. Johnson, observing him several times during February and March of 2005, and he was never observed selling drugs or possessing a weapon. Mr. Johnson

acknowledges and regrets distributing drugs to friends. His actions, though regrettable and illegal, were relatively minor and circumscribed.

At the time of his arrest, Mr. Johnson was maintaining employment with New England Conservatory of Music. He was well liked by his boss and co-workers. Ryan Ronco, his manager at the Conservatory, reported that Charles was punctual, never absent, and always respectful. A review of Mr. Johnson's credit report shows him to be in arrears on some financial obligations. However, more significantly, they show that he had received and paid back over thirty thousand dollars in loans from Northeastern University.

In his private affairs, Mr. Johnson was meeting his financial obligations. He was helping to maintain a residence for his wife and her son. He was involved in the lives of his two children, Charles Johnson III and Chuckearah Johnson. He was also making child support payments until his arrest. Charles Johnson had made real progress towards rehabilitation.

Tragically two things set Mr. Johnson back: alcoholism and the self-destructive behaviors that are the outgrowth of a troubled childhood and substance abuse. Mr. Johnson knows that he needs to address his alcohol problem. He is anxious and willing to do that while incarcerated and with the probation department after his release. The building of self-esteem to avoid the return of self-destructive behaviors is hard to start in prison. A shorter sentence would allow Mr. Johnson to begin this process sooner. A sober life combined with the solid employment he is capable of acquiring and maintaining will lead Mr. Johnson to a solid adult life, shorn of the self-destructive impulse.

At the time of his arrest and before this Court, Mr. Johnson has accepted responsibility. When the police searched his home, Mr. Johnson came forward and

acknowledged that the items were, in fact, his. By doing so he kept his wife and her seventeen-year-old son from being caught up in this case and the criminal justice system. He has since come before this Court and acknowledged his wrongdoing. These are all signs of a man who has learned a lesson and wishes to change. Defendant urges this Court to impose a sentence of seventy months so that Mr. Johnson can return to the community, find employment and begin to again meet his obligations to his children, his family and to himself

### 2. The Defendant Has Experienced Hardship Based on Substandard Conditions of Pretrial Confinement

While the defendant does not seek a departure for substandard conditions of pretrial confinement, the case law supports such a motion. In United States v. Hernandez-Santiago, 92 F.3d 97 (2d Cir. 1996), the trial court departed downward in the sentencing of a defendant convicted of dealing crack and possessing a firearm, because of harsh pretrial confinement. According to the Second Circuit, the trial court:

> decided to depart downward three levels because the defendant had been incarcerated for 22 months – since the day of his arrest in September 1993 to the time of sentencing – in a state facility, in the district court's view a "harsher incarceration" than federal imprisonment because of its lack of educational and therapeutic programs.

Id. at 101, n.2. The government did not contest the basis of this downward departure on appeal.

Mr. Johnson, too, has been held from the day of his arrest, March 30, 2005, to the present, at the Plymouth County Correctional Facility ("Plymouth"). The pretrial detention conditions at Plymouth are clearly substandard, offering "harsher incarceration" than federal imprisonment. According to Mr. Johnson, federal pretrial

detainees are excluded from all academic and programmatic activities at Plymouth, while state pretrial detainees are allowed programmatic and academic activities. There is no yard at Plymouth and all inmates are restricted to the interior of the building. In terms of visitation, no contact visits are allowed.

In contrast to the conditions at Plymouth, inmates in federal facilities enjoy substantially more privileges and freedoms. Federal inmates generally receive a *minimum* of four hours of visitation each week. "Each Warden shall establish visiting hours at the institution on Saturdays, Sundays, and holidays. The restriction of visiting to these days may be a hardship for some families and arrangements for other suitable hours shall be made to the extent practicable. Where staff resources permit, the Warden may establish evening visitation hours." BOP Program Statement, 5267.06 at 540.43. Contact visits are standard. "Staff shall permit limited physical contact, such as handshaking, embracing and kissing, between an inmate and visitor, unless there is clear and convincing evidence that such contact would jeopardize the safety ... of the institution." Id. at 540.51(g)(2). Furthermore, BOP encourages the "constructive use of leisure time and offers movies, games, sports, social activities, arts and hobbycrafts, wellness and other group and individual activities." BOP Program Statement 5370.08 at 544.30. BOP also offers numerous educational and therapeutic programs as well as extensive vocational training. *See* BOP Program Statements 5300.17 and 5300.18.

Unfortunately, Mr. Johnson has been denied these opportunities. Therefore, based on the nature of his pretrial confinement, a sentence at the low end of the guideline range is both appropriate and warranted on this basis.

II.     ACCEPTANCE OF RESPONSIBILITY

5

The defendant requests that the Court adopt the recommendation of the probation department and the Government of a reduction of three points.

## CONCLUSION

Therefore, the defendant respectfully requests this Court impose a sentence of 70 months in light of the nature of the offense and the totality of the circumstances.

Respectfully submitted,
Charles Johnson
By his attorney,

/s/ MARK W. SHEA          June 1, 2006
Mark W. Shea
Shea, LaRocque & Wood, LLP
47 Third Street, Suite 201
Cambridge MA  02141-1265
617.577.8722  telephone
617.577.7897  facsimile
mwshea@slrw.net  e-mail

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the foregoing upon all counsel of record by electronic filing notice.

/s/ MARK W. SHEA
Mark W. Shea